IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID M. PRICE,**

      **Petitioner,**

   v.         CASE NO. 14-3079-SAC-DJW

**STATE OF KANSAS SRS/DCFS**

      **Respondent.**

## O R D E R

This matter is a petition for habeas corpus filed by a person incarcerated in the Shawnee County Jail. Petitioner proceeds pro se and submitted the filing fee. The matter has been referred for initial proceedings pursuant to 28 U.S.C. § 636 (b)(1)(B) and (C).

*Background*

The petition reflects that petitioner is incarcerated following a finding of contempt by a state district court; that finding arose from petitioner's noncompliance with a state court order requiring him to pay child support. The petition states the contempt finding was made on May 15, 2014.

The petition identifies two grounds for relief, namely (1) abandonment of the original issues, severance of parental rights, and denial of legal counsel and (2) holding the petitioner to a heightened standard (Doc. 1, pp. 5-8).

A petitioner proceeding under 28 U.S.C. § 2254 must either demonstrate exhaustion of state court remedies or show that there is an absence of available state process or that circumstances rendered the state process ineffective to protect the petitioner's rights. 28

U.S.C. § 2254(b)(1); see also *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)("a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"). The exhaustion requirement is met when the federal claim has been properly presented "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Here, petitioner states that he did not exhaust state remedies on the first claim for relief, citing bias and prejudice by the State of Kansas (Doc. 1, p. 6). His exhaustion of remedies concerning the second issue is unclear, as he states both that he did not exhaust state remedies because he was arrested and that he presented the second claim through an appeal (*id.*, p. 8). There is no reference in the petition that suggests petitioner filed an appeal from the contempt finding under which he is incarcerated. Accordingly, the court will direct petitioner to show cause why this matter should not be dismissed due to his failure to exhaust state court remedies before commencing this action.

*Motion for appointment of counsel*

Petitioner moves for the appointment of counsel (Doc. 2). As he recognizes, he has no constitutional right to counsel in this action. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, "generally appointment of counsel in a § 2254 proceeding is left to the [district] court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden,* 23 F.3d 332, 333 (10th Cir. 1994). *See also* 18 U.S.C. §3006A(a)(2)(B)(the court may appoint counsel in an action under §2254 where "the interests of justice so require").

In considering whether the appointment of counsel is warranted in a civil matter, the court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

The court has reviewed the petition and finds the petitioner is capable of expressing his arguments, that the matters presented are not unusually complicated or novel, and that the action may be subject to summary dismissal upon exhaustion grounds. The court therefore will recommend the denial of the motion to appoint counsel.

IT IS, THEREFORE, BY THE COURT ORDERED the petitioner is granted fourteen days from his receipt of this order to show cause to the Honorable Sam A. Crow why this petition should not be dismissed for lack of exhaustion of state court remedies. The petitioner is advised that the failure to file a response will waive appellate review of the legal and factual issues discussed herein.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 14th day of July, 2014, at Kansas City, Kansas.

S/ David J. Waxse
DAVID J. WAXSE
U.S. Magistrate Judge